IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 1:13-cv-00245-RBJ

| | |
|---|---|
| PACIA MOBLEY ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADP SCREENING AND SELECTION ) <br> SERVICES, INC., et al ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO: 1:13-cv-00245-RBJ <br> CIVIL SCHEDULING ORDER |

---

**PLAINTIFF'S PROPOSED CIVIL SCHEDULING ORDER**

---

Plaintiff respectfully submits this report to supplement the Defendants' proposed Civil Scheduling Order. Counsel for Plaintiff and prior counsel for Defendants met and conferred pursuant to Fed. R. Civ. P. 26 in February 2013, when this litigation was pending in the District of New Jersey.

**1.    DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

On June 3, 2013, counsel for Plaintiff Pacia Mobley and Defendants ADP Screening and Selection Services, Inc. and Automatic Data Processing, Inc. will meet with Judge Jackson pursuant to Fed. R. Civ. P. 16(b) and L. Civ. R. 16.1.

Erin A. Novak
100 S. Broad Street
19th Floor

1

Philadelphia, PA 19110
215-735-8600
enovak@consumerlawfirm.com

*Attorney for Plaintiff Pacia Mobley*

## 2. STATEMENT OF JURISDICTION

Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

## 3. STATEMENT OF CLAIMS AND DEFENSES

Plaintiff has filed suit against Defendants alleging violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff claims Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of the consumer reports that they have sold about him, as is required by FCRA section 1681e(b).. Specifically, Plaintiff alleges that Defendants have inaccurately reported his misdemeanor as a "felony" on his background reports (consumer reports). These background reports were sold to Plaintiff's potential employers and as a result Plaintiff was denied employment.

As a result of Defendants' inaccurate reporting, Plaintiff lost an employment opportunity, suffered emotional distress and had his reputation adversely affected being identified as a felon, which Plaintiff is not. Plaintiff seeks statutory, actual and punitive damages, as well as his costs of the action together with reasonable attorney's fees once he is successful in establishing liability.

## 4. UNDISPUTED FACTS

Plaintiff proposes the following undisputed facts:

(1) Defendant ADP Screening and Selection Services, Inc. is a consumer

reporting agency. 15 U.S.C. § 1681a(f).

(2) Plaintiff was and is a "consumer," as defined by 15 U.S.C. § 1681a(c).

(3) Defendants sold a consumer report about Plaintiff to Reliable Reports of Texas, Inc. on or around July 11, 2011. 15 U.S.C. § 1681a(d).

(4) Defendants reported a crime on Plaintiff's consumer report identified as "Poss/Manuf/Dist, Etc. – Marijuana" "Offense severity: Felony."

## 5. COMPUTATION OF DAMAGES

Plaintiff claims the following damages: (1) statutory damages under the FCRA; (2) actual/compensatory damages for lost employment opportunities; (3) actual/compensatory damages in the nature of defamation, and harm to reputation; (4) actual/compensatory damages in the nature of emotional distress, including anxiety, frustration, embarrassment, humiliation, etc.; (5) punitive damages; and (6) attorney's fees and costs.

These damages suffered by Plaintiff are well recognized as cognizable under the FCRA. There is no "computation" for damages under categories 3, 4, and 5, *supra*, other than their valuation by a jury.

Statutory damages under category 1, supra, can be computed between $100 and $1,000 for Defendants' willful noncompliance with any requirement under the FCRA at issue in this case.

Damages under category 2, *supra*, the economic damages will have to be established upon the acquisition of further discovery.

Finally, attorney's fees and costs under category 6, *supra*, will be determined via

3

fee petition when Plaintiff is successful in establishing liability in this matter.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

**a.   Date of Rule 26(f) meeting.**

In February 2013 Plaintiff and prior counsel for Defendants met and conferred.

**b.   Names of each participant and party he/she represented.**

Erin A. Novak
100 S. Broad Street
19th Floor
Philadelphia, PA 19110
215-735-8600
enovak@consumerlawfirm.com

*Attorney for Plaintiff Pacia Mobley*

**c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Plaintiff made Rule 26(a)(1) disclosures on May 31, 2013.

**d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e.   Statement concerning any agreements to conduct informal discovery.**

None.

**f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The Parties have discussed the potential to conduct depositions via remote video conference so that Parties and counsel will not have to expend additional time and

resources traveling to litigation this matter.

> g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Plaintiff anticipates his claims will require the discovery of Defendants' electronically stored information concerning him, its database and the policies and procedures implemented under the FCRA. Such documents will be requested in a .pdf or hardcopy format.

> h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Plaintiff will provide a demand upon request once preliminary written discovery has been conducted. Plaintiff makes a claim under FCRA section 1681e(b), alleging that Defendants failed to maintain procedures to assure the maximum possible accuracy of his consumer reports. Accordingly, Plaintiff would like to conduct preliminary discovery into these procedures and the facts of this matter prior to making a demand.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

Plaintiff suggests that the parties abide by the limitations imposed on discovery by the Federal Rules of Civil Procedure.

    **a.**    **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

None.

    **b.**    **Limitations which any party proposes on the length of depositions.**

None.

    **c.**    **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Plaintiff requests that the limits of the Federal Rules of Civil Procedure be followed for Requests for Admissions and Requests for Production of Documents.

    **d.**    **Other Planning or Discovery Orders**

Plaintiff requests that Defendants submit any proposed protective order within 14 days of the Rule 16 Conference in this matter to avoid delay in discovery.

### 9. CASE PLAN AND SCHEDULE

    **a.**    **Deadline for Joinder of Parties and Amendment of Pleadings:**

July 8, 2013.

    **b.**    **Discovery Cut-off:**

October 4, 2013

    **c.**    **Dispositive Motion Deadline:**

December 31, 2013

    **d.**    **Expert Witness Disclosures**

        1. The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff may call an expert for testimony pertaining to causation or damages.

6

        2.      Limitations which the parties propose on the use or number of expert witnesses.

None.

        3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>November 1, 2013</u>.

        4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>December 2, 2013</u>. [This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

    e.   **Identification of Persons to Be Deposed:**

Plaintiff intends to depose third party witnesses of Reliable Reports of Texas, Inc., corporate representative(s) of Defendants with knowledge of the policies and procedures of Defendants relevant to the consumer report(s) at issue, and representatives of Defendants who have knowledge of the facts and circumstances giving rise to this litigation. Plaintiff reserves the right to supplement and/or amend this list consistent with further discovery.

    f.   **Deadline for Interrogatories:**

July 8, 2013.

    g.   **Deadline for Requests for Production of Documents and/or Admissions:**

July 8, 2013.

7

### 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

b. A final pretrial conference will be held in this case on_____ at _____ o'clock ___ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None at this time.

b. Anticipated length of trial and whether trial is to the court or jury.

Three to four days.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.

None.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR

7.1A. In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

13.   **AMENDMENTS TO SCHEDULING ORDER**

The Parties agree that the scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 3 day of June, 2013.

BY THE COURT:

*[signature]*

United States ~~Magistrate~~ Judge


APPROVED:

*/s/ Erin A. Novak*
Erin A. Novak
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
215.735.8600
enovak@consumerlawfirm.com

*Attorney for Plaintiff Pacia Mobley*

9